IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,885-03






EX PARTE JOSE ALBERTO GUTIERREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008CR1186-W2 IN THE 290TH DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to twenty years' imprisonment. The Fourth Court of Appeals dismissed
his appeal. See Gutierrez v. State, No. 04-08-00655-CR, (Tex. App. -- San Antonio, 2009, no pet.)
(not designated for publication).

 Applicant contends that his plea was involuntary because counsel advised him that he would
be sentenced to six months drug treatment if he signed the plea agreement. Later, he found out that
the plea bargain agreement was for twenty years' confinement. Applicant has alleged facts that, if
true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court
may rely on its personal recollection. Id. The trial court shall order trial counsel to file an affidavit
addressing: (1) whether counsel advised Applicant that the plea agreement was for six months drug
treatment; and, (2) whether Applicant indicated to counsel that he understood the terms of the plea
agreement when he signed it. The trial court shall instruct the clerk to supplement the record with
copies of the indictment, the judgment, and the plea bargain documents including the written plea
agreement, admonishments, judicial confession, and waivers, if applicable.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary because of counsel's deficient performance. The trial court shall
make findings of fact as to whether counsel advised Applicant that the plea agreement was for six
months drug treatment. The trial court shall make findings of fact as to whether Applicant indicated
to counsel that he understood the terms of the plea agreement when he signed it. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 7, 2009

Do not publish